UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JERRY L. DAVEY, SR., <br> (Social Security No. XXX-XX-4723), <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER <br> OF SOCIAL SECURITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 4:08-cv-41-WGH-SEB |

**ORDER FOR FURTHER BRIEFING
AND SETTING ORAL ARGUMENT**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' consents and an Order of Reference entered June 17, 2008. (Docket No. 16). Briefing is now complete. (Docket Nos. 18-19, 24-25).

The Magistrate Judge notes that Plaintiff has previously applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), which was denied by an Administrative Law Judge ("ALJ") who ruled on September 16, 2004, that Plaintiff was not disabled. (R. 185-91). The majority of the parties' arguments in this case, which is Plaintiff's second application for benefits, focuses on whether or not Plaintiff's condition had worsened since that prior decision. This is the case because the ALJ, after a hearing on Plaintiff's second application for DIB and SSI, concluded that:

> In making the finding regarding residual functional capacity, the Administrative Law Judge is also bound by the provisions of AR-98-4(6)

>   ("Drummond").  Under the holding, the finding regarding residual functional capacity made in the Administrative Law Judge's decision issued on September 16, 2004 is subject to the doctrine of res judicata. The undersigned Administrative Law Judge may not make a different finding of residual functional capacity in this case unless new and additional evidence or changed circumstances provide a basis for a different finding.  The current record establishes an impairment that is not in any significant way different from that present at the time of the prior Administrative Law Judge's decision dated September 16, 2004, and the undersigned's residual functional capacity assessment is consistent with that of the prior decision.

(R. 24-25).

It appears that the ALJ must have believed that he was bound by Acquiescence Ruling 98-4(6) because he was an ALJ sitting in Louisville, Kentucky. That particular Acquiescence Ruling, issued by the Social Security Administration, explains that, normally, a prior final decision of the Commissioner is *res judicata* only for that time frame.  However, in response to the decision of the Sixth Circuit Court of Appeals in *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1997), the Commissioner determined that in the Sixth Circuit, which includes Kentucky Michigan, Ohio, and Tennessee, the prior decision has a more sweeping effect.  Particularly, the Commissioner explained that:

>   where a final decision of SSA after a hearing on a prior disability claim contains a finding of a claimant's residual functional capacity, SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.

Acquiescence Ruling 98-4(6). However, the Commissioner also explained that "[t]his Ruling applies only to disability findings in cases involving *claimants who reside in Kentucky, Michigan, Ohio, or Tennessee at the time of the determination or decision on the subsequent claim* at the initial, reconsideration, ALJ hearing or Appeals Council level." *Id.* (emphasis added).

The evidence in this case indicates that Plaintiff was, in fact, a resident of Indiana at the time of his second application for benefits. (*See* R. 17, 218-20). Hence, the assessment of Plaintiff's residual functional capacity may not have been subject to Acquiescence Ruling 98-4(6), and it should have been assessed without regard to that ruling. The ALJ issued his opinion under the mistaken belief that he was bound by Acquiescence Ruling 98-4(6), and he, therefore, may have committed an error of law. Because the ALJ did not make his own new independent assessment of Plaintiff's residual functional capacity, but rather relied on the prior findings from Plaintiff's earlier decision, this case may require remand for a new assessment of Plaintiff's residual functional capacity, independent of the prior ALJ's decision.

The parties did not brief the Magistrate Judge on this admittedly confusing issue. Therefore, the court will permit the parties to submit new briefing and appear before the court for oral argument on this issue. If the Commissioner submits new briefing asserting that the ALJ did not commit an error of law in applying Acquiescence Ruling 98-4(6), the parties should also be prepared at oral argument to argue the merits of the ALJ's decision denying benefits.

The Commissioner is hereby **ORDERED** to file a brief with the court no later than **January 20, 2009,** explaining whether or not the decision of the ALJ to follow Acquiescence Ruling 98-4(6) was an error of law.  Any response from Plaintiff must be filed by **February 2, 2009.**

The parties are also hereby **ORDERED** to appear at Room 200, U.S. Courthouse, in New Albany, Indiana, for an **ORAL ARGUMENT** on **FRIDAY, FEBRUARY 27, 2009,** at 3:30 p.m., New Albany time (EST).

Each side will be given twenty (20) minutes to argue their position with respect to the matter.  The Magistrate Judge anticipates issuing an oral ruling at the conclusion of the hearing.

Any objections to this procedure should be filed with the court within ten (10) day of the date of this Order.

**SO ORDERED.**

**Dated:**  December 18, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Michael G. Myers
mgmyers10@sbcglobal.net